IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SUNSTONE INFORMATION DEFENSE, INC.,<br><br>    Plaintiff,<br> v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>    Defendant. | CIVIL ACTION NO. 6:20-cv-01033-ADA<br><br>**JURY TRIAL REQUESTED** |

**JOINT PRETRIAL ORDER**

Pursuant to the Court's Order Granting Joint Motion to Extend Scheduling Order Deadlines (Dkt. 58), and consistent with the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff SunStone Information Defense, Inc. ("SunStone") and Defendant International Business Machines Corporation ("IBM"), submit this Joint Final Pretrial Order in advance of the Pretrial Conference.

**I.  APPEARANCES OF COUNSEL**

| **Attorneys for SunStone** | **Attorneys for IBM** |
|---|---|
| Christopher E. Hanba<br>State Bar No. 24121391<br>chanba@dickinson-wright.com<br>Joshua G. Jones<br>State Bar No. 24065517<br>jjones@dickinson-wright.com<br>Dickinson Wright PLLC<br>607 W. 3rd Street, Suite 2500<br>Austin, Texas 78701<br>Telephone: (512) 770.4200<br>Facsimile: (844) 670.6009<br><br>Ariana D. Pellegrino<br>State Bar No. P79104 (*pro hac* vice)<br>APellegrino@dickinson-wright.com | David A. Nelson<br>Quinn Emanuel Urquhart & Sullivan LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>Telephone: (312) 705-7400<br>davenelson@quinnemanuel.com<br><br>Alexander Rudis (admitted *pro hac vice*)<br>John T. McKee (admitted *pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>alexanderrudis@quinnemanuel.com<br>johnmckee@quinnemanuel.com |

1

| | |
|---|---|
| Zachary Pelton<br>State Bar No. P85197 (*pro hac* vice)<br>zpelton@dickinson-wright.com<br>Dickinson Wright PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>Telephone: (313) 223-3684<br>Facsimile: (844) 670-6009<br><br>Caleb L. Green<br>State Bar No. 15234 (*pro hac* vice)<br>Dickinson Wright PLLC<br>3883 Howard Hughes Pkwy. Suite 800<br>Las Vegas, Nevada 89169<br>Telephone: (702) 550-4400<br>Facsimile: (844) 670-6009<br>cgreen@dickinson-wright.com<br><br>Kevin Sean Kudlac<br>State Bar No. 00790089<br>kevin@kudlacip.com<br>Kudlac PLLC<br>1916 Wimberly Lane<br>Austin, Texas 78735<br>Telephone: (512) 656-5743 | Valerie Lozano (admitted *pro hac vice*)<br>Quinn Emanuel Urquhart & Sullivan LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>valerielozano@quinnemanuel.com<br><br>Charles L. Ainsworth<br>Robert Christopher Bunt<br>Parker, Bunt & Ainsworth, P.C.<br>100 East Ferguson, Suite 418<br>Tyler, Texas 75702<br>Telephone: (903) 531.3535<br>charley@pbatyler.com<br>rebunt@pbatyler.com |

**II.     JOINT STATEMENT OF THE CASE**

This is a civil action relating to the alleged infringement and invalidity of two patents assigned to SunStone: U.S. Patent Nos. 9,122,870 ("the '870 Patent") and 10,958,682 ("the '682 Patent") (collectively the "Asserted Patents"). SunStone alleges that IBM Security Trusteer Pinpoint Detect, IBM Security Trusteer Pinpoint Verify, IBM Security Trusteer Pinpoint Criminal Detection, IBM Security Trusteer Pinpoint Assure, and IBM Security Trusteer Mobile SDK (the "Accused Products") infringe claims 1, 2, 4, 7, and 39 of the '870 Patent and claims 1, 6, 8, 21, and 25 of the '682 Patent (collectively the "Asserted Claims"). SunStone also alleges that IBM's

infringement was willful,[1] and SunStone seeks damages in the form of no less than a reasonable royalty. Further, SunStone contends that this case is exceptional under 35 U.S.C. § 285, and SunStone seeks its fees and expenses thereunder and any other relief the Court deems appropriate.

IBM contends that the Asserted Claims of the '870 Patent and the '682 Patent are invalid based upon anticipation and obviousness. IBM denies that it infringes any of the Asserted Claims and that any alleged infringement was willful. IBM contends that because the Asserted Patents are not valid and not infringed, SunStone is not entitled to damages. IBM further contends that SunStone's damages theories and reasonable royalty calculation are flawed. IBM further contends that SunStone is not entitled to injunctive relief or any other relief it seeks. Further, IBM contends that this case is exceptional under 35 U.S.C. § 285, and IBM seeks its fees and expenses thereunder and any other relief the Court deems appropriate.

The Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court also has jurisdiction over IBM's counterclaims for declaratory judgment of noninfringement and invalidity because there is a justiciable controversy between the parties within the meaning of 28 U.S.C. §§ 2201 and 2202 and the counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338. The parties do not dispute subject matter jurisdiction, personal jurisdiction, or venue.

### III.  CONTENTIONS OF THE PARTIES

#### A.  SunStone's Statement of Contentions

1.  SunStone is the owner of all rights, title, and interest in the Asserted Patents, including the right to sue and recover damages for infringement of the Asserted Patents.

---

[1] IBM objects to SunStone's assertion of willful infringement by IBM throughout this pretrial order. IBM has moved *in limine* to exclude SunStone's allegations of willful infringement.

2. The Asserted Claims are valid and enforceable.

3. IBM has directly and indirectly infringed claims 1, 2, 4, 7, and 39 of the '870 Patent and claims 1, 6, 8, 21, and 25 of the '682 Patent by making, using, selling, offering for sale/and or importing the Accused Products and/or inducing others to directly infringe.

4. The Accused Products are the IBM Security Trusteer Pinpoint Detect, IBM Security Trusteer Pinpoint Verify, IBM Security Trusteer Pinpoint Criminal Detection, IBM Security Trusteer Pinpoint Assure, and IBM Security Trusteer Mobile SDK

5. IBM makes, uses, sells, offers to sell, or imports systems and methods which practice one or more Asserted Claims of each of the '870 Patent and '682 Patent.

6. IBM induces others to use, sell, offer to sell, or import systems and methods which practice one or more Asserted Claims of each of the '870 Patent and '682 Patent.

7. SunStone makes, uses, sells, or offers to sell systems and methods which practice one or more Asserted Claims of each of the '870 Patent and '682 Patent.

8. The Accused Products practice one or more claims of each of the '870 Patent and '682 Patent.

9. IBM's infringement is and has been willful, including without limitation because IBM continues to make, use, sell, offer to sell, and/or import infringing products after having notice of the Asserted Patents.

10. SunStone has been damaged by IBM's conduct and is entitled to damages adequate to compensate for IBM's infringement in no event less than a reasonable royalty. In particular, SunStone is entitled to a lump sum payment and/or a reasonable royalty for each of the Asserted Patents as described above. SunStone also contends that it is entitled to pre-judgment interest from the date of first infringement to the date of judgment pursuant to 35 U.S.C. § 284, post-judgment

interest pursuant to 28 U.S.C. § 1961, and costs pursuant to 35 U.S.C. § 284, and any supplemental damages as appropriate, including damages on any products sold or to be sold after the last date on which IBM updated its sales data on the Accused Products.

11. IBM's infringement is and has been willful, entitling SunStone to enhanced damages pursuant to 35 U.S.C. § 284.

12. This case is exceptional under 35 U.S.C. § 285, and SunStone is entitled to its fees and expenses thereunder.

13. IBM's affirmative defenses and declaratory judgment counterclaims are without merit.

14. IBM is not entitled to any fees or costs, including attorneys' fees, expert's fees, or expenses incurred in this action. IBM is also not entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

      **B.**    **IBM's Statement of Contentions**

1. IBM does not infringe, literally or otherwise, any Asserted Claim of any Asserted Patent. IBM further denies that any alleged infringement was willful. IBM incorporates by reference the expert reports of Dr. Aaron Striegel as providing details for its contentions regarding non-infringement.

2. IBM denies that it infringes any claim of the '870 patent or the '682 patent.

3. IBM contends that each Asserted Claim of the '870 patent and the '682 patent is invalid. Specifically, IBM contends that the Asserted Claims of the Asserted Patents are invalid based upon anticipation and obviousness and as failing the written description and enablement requirements of 35 U.S.C. § 112. IBM incorporates by reference the expert reports of Dr. Aaron Striegel as providing details regarding its contentions regarding invalidity.

    4.    IBM contends that SunStone is not entitled to any relief. IBM contends that because the Asserted Patents are invalid and not infringed, SunStone is not entitled to any damages. IBM further contends that non-infringing alternatives are available and commercially acceptable for every Accused Product with respect to every Asserted Claim. IBM also disputes SunStone's assertion of entitlement to pre-judgment and post-judgment interest and its claimed costs and expenses for this action. IBM incorporates by reference the expert reports of Dr. Aaron Striegel and Dr. Patrick Kennedy as providing details for its contentions regarding damages and non-infringing alternatives.

    5.    IBM further contends that SunStone is not entitled to injunctive relief.

    6.    IBM further contends that its conduct in this case does not render this case exceptional under 35 U.S.C. § 285.

    **7.**    By providing these contentions, IBM does not concede that all of these issues are appropriate for trial; nor do the contentions provided include every detail underlying each contention. In particular, IBM does not waive any of its pending or future filed motions, which, if granted, would render some or all of these issues moot.

## IV.    STIPULATED FACTS

The parties agree to the following stipulated facts:

    1.    United States Provisional Patent Application Serial Number 61,557,733 was filed on November 9, 2011.

    2.    United States Provisional Patent Application Serial Number 61/537,380 was filed on September 21, 2011.

    3.    United States Patent Application Number 13/623,556 (the "'566 Application") was filed on September 20, 2012.

4. United States Patent Application Number 16/298,537 (the "'537 Application") was filed on March 11, 2019.

5. The '556 application issued as the '870 Patent on September 1, 2015.

6. The '537 application issued as the '682 Patent on March 23, 2021.

7. The '870 Patent lists Dr. David K. Ford as the sole inventor.

8. The '682 Patent lists Dr. David K. Ford as the sole inventor.

9. SunStone asserts claims 1, 2, 4, 7, and 39 of the '870 Patent and claims 1, 6, 8, 21, and 25 of the '682 Patent.

10. SunStone is a corporation organized and existing under the laws of the state of Delaware and located at 3440 Paintersville Port William Road, Jamestown, Ohio 45335.

11. IBM is a New York corporation, with its corporate headquarters at 1 New Orchard Road, Armonk, New York 10504.

12. SunStone filed its Complaint for Patent Infringement on November 9, 2020.

13. SunStone filed its Amended Complaint for Patent Infringement on March 26, 2021.

14. The following products and services are accused of infringing claims 1, 2, 4, 7, and 39 of the '870 Patent: IBM Security Trusteer Pinpoint Detect, IBM Security Trusteer Pinpoint Verify, IBM Security Trusteer Pinpoint Criminal Detection, IBM Security Trusteer Pinpoint Assure, and IBM Security Trusteer Mobile SDK.

15. The following products and services are accused of infringing claims 1, 6, 8, 21, and 25 of the '682 Patent: IBM Security Trusteer Pinpoint Detect, IBM Security Trusteer Pinpoint Verify, IBM Security Trusteer Pinpoint Criminal Detection, IBM Security Trusteer Pinpoint Assure, and IBM Security Trusteer Mobile SDK.

## V. DISPUTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or rulings made at the pretrial conference in this action. By providing this statement, the parties do not concede that all of these issues are appropriate for trial. The parties also do not waive any of their pending motions.

### **Infringement**

1. Whether the Accused Products infringe claims 1, 2, 4, 7, and 39 of the '870 Patent and claims 1, 6, 8, 21, and 25 of the '682 Patent

2. Whether IBM's infringement of the Asserted Claims of the '870 Patent and/or the '682 Patent has been willful.

### **Validity**

3. Whether the Asserted Claims of the '870 Patent and the '682 Patent are invalid on the basis of anticipation (35 U.S.C. § 102) or obviousness (35 U.S.C. § 103).

4. Whether the Asserted Claims of the '870 Patent and the '682 Patent are invalid on the basis of lack of written description or enablement (35 U.S.C. § 112).

### **Damages and Remedies**

5. If IBM is found to infringe one or more of the Asserted Claims of the '870 Patent and/or the '682 Patent, the amount adequate to compensate SunStone for that infringement.

6. The entitlement to and amount of any post-judgment interest and pre-judgment interest.

7. Whether a permanent injunction should be entered against IBM to stop future infringement of the '870 Patent and/or '682 Patent.

8. Whether damages should be enhanced should the jury find IBM willfully infringed any of the Asserted Patents.

9. Whether SunStone is entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

10. Whether the Court should award SunStone its fees and costs, including reasonable attorneys' fees, expert's fees, and expenses, if it is the prevailing party.

11. Whether the Court should award IBM its fees and costs, including reasonable attorneys' fees, expert's fees, and expenses if it is the prevailing party.

12. Whether IBM is entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

## VI. EXHIBITS

A joint Exhibit List, including documents identified by both parties and not objected to, is attached as **Exhibit A-1.** SunStone's Exhibit List and IBM's objections thereto are attached as **Exhibit A-2.** IBM's Exhibit List and SunStone's objections thereto are attached as **Exhibit A-3.** SunStone's Physical Exhibit List is attached hereto as **Exhibit A-4.**

## VII. WITNESSES

SunStone's witness list for the jury trial is attached as **Exhibit B-1.** IBM's witness list for the jury trial is attached as **Exhibit B-2.** SunStone's objections to IBM's witness list for the jury trial are attached as **Exhibit B-3**. IBM's objections to SunStone's witness list for the jury trial are attached as **Exhibit B-4**.

## VIII. DEPOSITION DESIGNATIONS

SunStone's deposition designations, with IBM's objections and counter-designations, are attached as **Exhibit C-1.** IBM's deposition designations, with SunStone's objections and counter-designations, are attached as **Exhibit C-2.**

## IX. DISCOVERY DESIGNATIONS

SunStone's discovery designations, with IBM's objections, are attached as **Exhibit D-1**. IBM's discovery designations, with SunStone's objections, are attached as **Exhibit D-2**.

## X. STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties as discussed below and are made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A. Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing. Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

### B. Notification of Live Witnesses

No later than the pretrial conference, the parties will file with the Court and exchange amended witness lists containing (a) an identification of each previously-listed witness expected to be called live on direct examination during trial and (b) a good-faith narrowing of all other previously-listed witnesses.

The parties shall notify the opposing parties by email of the identities and order in which they plan to call live witnesses by 3 p.m. CT two calendar days prior to the date that the party intends to call such witnesses (*e.g.,* by 3 p.m. CT on Monday for any witness who will be called

on Wednesday). "Live witnesses" includes witnesses who are called to testify remotely via videoconference due to COVID-19 safety or travel restrictions.

### C. Demonstratives

Demonstratives are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, provided that such testimony has either previously been played for the jury or is used for impeachment. The parties will exchange copies of all demonstratives and the identity of any non-preadmitted exhibit to be shown to the jury during opening statements no later than 4 p.m. CT the day before opening statements. The parties shall exchange objections to these demonstratives and exhibits by 5 p.m. CT that evening. The parties shall meet and confer regarding any objections by 6 p.m. CT that evening.

During trial, each party shall provide by email no later than 7 p.m. CT each day a copy of all demonstratives that it will present during the direct examination the following day at trial with each direct examination witness, and the receiving party shall provide objections to such demonstratives by 8:30 p.m. CT. The parties shall meet and confer regarding any objections by 9:30 p.m. CT that evening. However, the parties shall disclose exhibits to be used on the first day of trial, and shall object and meet and confer regarding objections to the same, according to the schedule set forth above for opening demonstratives. The parties need not exchange demonstratives or exhibits for use in cross-examination.

Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party. Demonstratives for direct examination and opening statements as well as trial exhibits must be cleared of outstanding objections before being shown to the jury. The parties must lay proper foundation for any underlying exhibit/testimony used within a demonstrative

before its presentation in court. Additionally, any transcripts of testimony, whether by video, electronic copy presented on-screen or hard copy on a document Elmo, must have been previously designated by the parties and cleared of outstanding objections before being shown to the jury during opening or on direct examination. This excludes any testimony given during this trial. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion *in limine* or other exclusionary order, regardless of whether it was previously designated by the parties.

D.  **Exhibits**

The parties will exchange lists of proposed exhibits to be pre-admitted no later than 6 p.m. CT, two days prior to opening statements. The parties will meet and confer regarding exhibits to be pre-admitted and shall prepare a joint list of pre-admitted exhibits to be entered into evidence prior to opening statements.

During trial, each party shall provide notice by email no later than 7 p.m. CT each day a good-faith identification of any exhibit (including physical exhibits) expected to be used during direct examination with each direct examination witness the following day at trial, and the receiving party shall provide objections to such exhibits by 8:30 p.m. CT that evening. The parties shall meet and confer regarding any objections by 9:30 p.m. CT that evening. However, the parties shall disclose exhibits to be used on the first day of trial, and shall object and meet and confer regarding objections to the same, according to the schedule set forth above for opening demonstratives.

Exhibits to be used on cross examination need not be identified in advance; however, the cross-examining party shall provide binders containing all exhibits to be used on cross-examination to the witness, to opposing counsel, and two copies for the Court prior to the beginning of the witness' cross-examination.

The parties will make available for inspection all non-documentary demonstratives, physical exhibits or physical prior art, for use during direct examination or opening (but not for cross-examination) by 7 p.m. CT three days before their intended use and thereafter on reasonable notice as agreed by the parties. This paragraph does not preclude any requests to inspect physical exhibits identified on either party's witness list prior to the disclosure above.

The parties shall make good-faith efforts to resolve objections over the use of identified witnesses, testimony, and demonstratives prior to the subsequent day trial day by participating in a meet and confer following the identification of and objection to witnesses, testimony, and demonstratives each day.

The parties may agree to modify the above procedures in writing, subject to any order or instruction from the Court.

E. **Deposition Testimony**[2]

Each party presenting one or more witnesses by deposition shall identify those witnesses by email to the other party no later than 7 p.m. CT two days prior to the date that the party intends to use such testimony (*e.g.*, by 7 p.m. CT Monday for a witness whose deposition testimony will be presented on Wednesday). At this time, the disclosing party shall further identify all exhibits that will be shown to the jury during such deposition testimony and, out of the party's deposition designations previously submitted in accordance with the Order Governing Proceedings, those portions of the deposition it intends to present. The receiving party shall provide objections to such witnesses by 8:30 p.m. CT the same evening, and at the same time shall provide counter-designations to any deposition testimony. The disclosing party shall make objections and disclose

---

[2] To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

counters to counter-designations by 9:10 p.m. CT the same evening. The parties shall meet and confer by 9:30 p.m. CT the same evening to attempt to resolve such objections. Any unresolved objections will be raised with the Court the next morning. If deposition testimony is to be played or read during trial, the party that seeks to play or read the deposition testimony must also provide the opposing party, by 9:00 p.m. CT the evening before the deposition testimony is to be played or read, a workable copy of the actual recording to be played, or a synthesized transcript of the testimony to be read, as the case may be, including all designations and counter-designations. The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial.

Either party can eliminate any of their proposed designations before a clip is played. Any deposition testimony may be used at trial for purposes of impeachment regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purposes.

Deposition designations and counter-designations will be counted against the designator's time. Affirmative and counter-designations will be played in sequence. No objections, preambles, or exchanges between counsel will be played or read as part of deposition testimony.

### F.     Additional Stipulations Regarding Trial Evidence

The parties have agreed on the following stipulations regarding evidence and argument to be presented at trial:

- The parties will not present any evidence, testimony, argument, or references to IPRs and/or CBMs filed against the Asserted Patents, including any PTO decisions regarding those filings.

- The parties will not present any references to any non-asserted claim(s) and/or element(s) or withdrawn or abandoned defenses.

- The parties will not present any references to the quality of the USPTO and its examiners, including that examiners are overworked or that the USPTO is prone to error.

- The parties will not present any evidence, testimony, argument, or references to the fact that SunStone no longer asserts certain claims.

- The parties will not present any evidence indicating IBM acquired Trusteer for $1 billion.

- The parties will not present any references to case narrowing, including dropping of prior art or causes of action.

- The parties will not present testimony or evidence in an attempt to bolster the USPTO.

- The parties will not present any evidence, testimony, argument, or reference to IBM's overall revenues, profits, or wealth.

G. **Handling of Source Code and Confidential Material**

The parties agree to request that the courtroom be sealed when a party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information that is expected to be presented. (Dkt. 41 at 7).  Only the specific code files or source code pages discussed at trial may be offered into evidence to become part of the record, not the entirety of the printed source code hard copies during fact discovery of their electronic image.

## XI. PROPOSED JURY INSTRUCTIONS

The parties' requested joint and disputed proposed preliminary jury instructions and proposed final jury instructions are attached as **Exhibit E-1**. The parties' preliminary jury instructions and proposed final jury instructions, marked "charge and interrogatories" are attached as **Exhibit E-2**.

## XII. LIST OF PENDING MOTIONS

The following motions remain pending:

- ECF No. 59:  SunStone's Motion to Strike and Exclude Improper Opinions of Defendant's Damages Expert by SunStone Information Defense, Inc.
- ECF No. 61:  SunStone's Motion for Partial Summary Judgment Regarding Defendant's Affirmative Defenses
- ECF No. 62: SunStone's Motion for Partial Summary Judgment on Defendant's Divided Infringement Defense
- ECF No. 63:  SunStone's Motion to Strike and Exclude Improper Opinions of Defendant's Invalidity Expert, Dr. Striegel
- ECF No. 64:  IBM's Motions for Summary Judgment
- ECF No. 65:  IBM's *Daubert* Motions
- ECF No. 96:  SunStone's Motions *in Limine*
- ECF No. 98:  IBM's Motions *in Limine*

## XIII. PROPOSED *VOIR DIRE*

SunStone's proposed *voir dire* questions are attached as **Exhibit F-1**. IBM's proposed *voir dire* questions are attached as **Exhibit F-2**. To the extent the court does not adopt any questions

from the parties, the parties respectfully request the omitted questions be added to any survey form prospective jurors will use on this case.

## XIV. VERDICT FORM

SunStone's proposed verdict form is attached as **Exhibit G-1**. IBM's proposed verdict form is attached as **Exhibit G-2**. SunStone's objections to IBM's proposed verdict form are attached as **Exhibit G-3**. IBM's objections to SunStone's proposed verdict form are attached as **Exhibit G-4**.

## XV. DISPUTED MOTIONS *IN LIMINE*

SunStone' Motions *in Limine* were filed at ECF No. 96. IBM's Motions *in Limine* were filed at ECF No. 98. The parties filed their oppositions to these motions on June 17, 2022. The parties are continuing to meet and confer regarding agreements on several of these Motions *in Limine* and will advise the Court prior to the pretrial conference which motions have been agreed to and which remain disputed. A copy of SunStone's Motions *in Limine* is attached as **Exhibit H-1**. A copy of IBM's Motions *in Limine* is attached as **Exhibit H-2**.

## XVI. PROCEDURE FOR POTENTIAL COVID-19 WITNESS DISRUPTIONS

The parties agree that, in the event any witness that is scheduled and disclosed to appear live to testify becomes unable to do so due to COVID-19 illness or travel restrictions or is unwilling or unable to travel due to concerns about health and safety, the witness may be called via live videoconference. To the extent that any party intends to offer testimony in this fashion, it will notify opposing counsel as soon as it becomes aware of this issue and provide a revised order of witness appearance if necessary. In the event that a previously and properly disclosed witness is unavailable (as defined in Fed. R. Civ. P. 32) to give live testimony in person or by video due to COVID-19, his or her deposition testimony will be permitted as a substitute.

## XVII. LENGTH OF TRIAL

The parties agree that each party will designate a representative to keep track of the time used by each party and for administrative matters each trial day. At every break, the representatives will coordinate to agree on the time allocations. Time will be charged to the questioning party, and any time spent on objections will be deducted from the time of the party that loses the ruling on the objection. Administrative time will be charged to each party equally.

At the end of each trial day, the remaining time for each party will be read into the record. The probable length of trial is five days, including jury selection. The parties request that each side be allotted 15 hours for trial, exclusive of *voir dire*, opening statements, and closing arguments.

Dated: June 17, 2022

By: */s/ Christopher E. Hanba*
Christopher E. Hanba
State Bar No. 24121391
chanba@dickinson-wright.com
Joshua G. Jones
State Bar No. 24065517
jjones@dickinson-wright.com
Dickinson Wright PLLC
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 770.4200
Facsimile: (844) 670.6009

Ariana D. Pellegrino
State Bar No. P79104 (*pro hac vice*)
APellegrino@dickinson-wright.com
Zachary Pelton
State Bar No. P85197 (*pro hac vice*)
zpelton@dickinson-wright.com
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Telephone: (313) 223-3684
Facsimile: (844) 670-6009

Caleb L. Green
State Bar No. 15234 (*pro hac vice*)
Dickinson Wright PLLC
3883 Howard Hughes Pkwy. Suite 800
Las Vegas, NV 89169
Telephone: (702) 550-4400
Facsimile: (844) 670-6009
cgreen@dickinson-wright.com

Kevin Sean Kudlac
State Bar No. 00790089
kevin@kudlacip.com
Kudlac PLLC
1916 Wimberly Lane
Austin, Texas 78735
Telephone: (512) 656-5743

Respectfully Submitted,

By: */s/ John T. McKee*
David A. Nelson
Quinn Emanuel Urquhart & Sullivan LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705.7400
davenelson@quinnemanuel.com

Alexander Rudis (admitted *pro hac vice*)
John T. McKee (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849.7000
alexanderrudis@quinnemanuel.com
johnmckee@quinnemanuel.com

Valerie Lozano (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
valerielozano@quinnemanuel.com

Charles L. Ainsworth
Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Suite 418
Tyler, Texas 75702
Telephone: (903) 531.3535
charley@pbatyler.com
rebunt@pbatyler.com

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing instrument was served via electronic mail, to all counsel of record on June 17, 2022.

                                                 */s/ Christopher E. Hanba*
                                                 Christopher E. Hanba